UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC J. JOHNSON, )<br>)<br>        Petitioner )<br>)<br>  vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>        Respondent ) | CAUSE NO. 3:07-CV-242 RM<br>(Arising out of 3:03-CR-83(01)RM) |

OPINION and ORDER

Eric Johnson pleaded guilty to a one-count indictment charging him with possession with intent to distribute in excess of 50 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced on April 1, 2004 to a term of 210 months' imprisonment. Mr. Johnson appealed his sentence, and the court of appeals issued a limited remand for this court to determine whether it would impose the same sentence under an advisory guidelines system pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). A hearing was held, and on December 20, 2005 the court issued an order advising that it would have imposed the same sentence had the guidelines been advisory. Mr. Johnson's original 210-month sentence was reimposed. The judgment was affirmed in January 2006, and Mr. Johnson's petition for writ of certiorari was denied on May 26, 2006. Mr. Johnson is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Johnson claims he received ineffective assistance of counsel at the time of his sentencing when his counsel didn't file a memorandum seeking a downward departure and didn't challenge the fact that "the 100-to-1 ratio for crack cocaine was discriminatory and violated equal protection and increased petitioner's sentence far greater than those with powder cocaine." Mr. Johnson states as his last ground for relief the fact that he is now contesting the constitutionality of his 1991 state court conviction for voluntary manslaughter, a conviction used to determine his career offender status. [Petn., at 4.]

"To prevail on his ineffective assistance claim, [Mr. Johnson] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that '[t]he [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Johnson] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d

942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)).

Mr. Johnson first complains that his counsel was ineffective by not filing a memorandum relating to a downward departure based on his troubled childhood. At the sentencing hearing, though, Jeffrey Kimmel, Mr. Johnson's counsel, argued for a downward departure. That the court denied the defendant's request[1] doesn't establish ineffective assistance. United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003) (if an argument "does not prevail, then the lawyer is not guilty of ineffective assistance, because ineffective assistance requires both that the lawyer fail to come up to minimum professional standards for the representation of criminal defendants and that the failure be prejudicial"). Mr. Johnson received a two-level downward departure on other grounds, lowering his sentencing range from 262-327 months' imprisonment (at level 34) to 210-262 months' imprisonment (at level 32). Mr. Johnson can't establish unreasonable performance by his counsel or that he suffered any prejudice, and his claim that his counsel was ineffective in this regard is without merit.

Mr. Johnson next says Mr. Kimmel was ineffective by not arguing for a downward departure based on the crack cocaine vs. powder cocaine discrepancy

---

[1] *See* April 1, 2004 Sent. Memo., at 2-3 ("As noted before, Mr. Johnson seeks a downward departure pursuant to U.S.S.G. § 4A1.3, which encourages departure when a defendant's criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes. . . . The court declines to depart . . . and does not find that Mr. Johnson's criminal history category significantly over-represents the seriousness of his criminal history or the likelihood that he will commit another crime.").

in the Sentencing Guidelines. Mr. Johnson "must show that there is a reasonable probability that, but for counsel's shortcomings, the result of the proceeding would have been different." United States v. Traeger, 289 F.3d 461, 470 (7th Cir. 2002). Mr. Johnson hasn't established that the results of his case would have been different. The 100:1 ratio established by Congress has consistently been upheld, courts are not free to substitute a different ratio for the one that Congress selected, and "[i]n light of the fact that every constitutional challenge to the penalty differential . . . has failed, this argument cannot succeed." United States v. Westbrook, 125 F.3d 996, 1010 (7th Cir. 1997); *see also* United States v. Buckner, Nos. 05-4250, 05-4552, and 05-4567, 2007 WL 445628, *3 (7th Cir. Feb. 5, 2007); United States v. Jointer, 457 F.3d 682, 686 (7th Cir. 2006). Mr. Johnson can't establish any prejudice and can't prevail on his claim of ineffective assistance of counsel based on Mr. Kimmel having not raised the crack vs. powder cocaine issue. *See* United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003) ("[a] defendant's lawyer has, it is certainly true, no duty to make a frivolous argument").

"To establish ineffectiveness of counsel, [Mr. Johnson] must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." Massaro v. United States, 538 U.S. 500, 505 (2003). He must also show that but for counsel's unprofessional error, "there is a reasonable probability that the results would have been different." Berkley v. United States, 318 F.3d 768, 774 (7th Cir. 2003). Mr. Johnson hasn't done so: he hasn't

4

identified evidence that would have created a reasonable probability of a different outcome and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. Mr. Johnson hasn't carried his burden with respect to the performance or the prejudice prong, and so can't prevail on his ineffective assistance of counsel claims.

Mr. Johnson's final ground for relief – that he is currently pursuing the unconstitutionality of his 1991 state court conviction for voluntary manslaughter – doesn't provide any basis for vacating, setting aside, or correcting his sentence in this case. "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994) (internal quotation omitted). Mr. Johnson hasn't carried his burden of establishing an error of constitutional or jurisdictional magnitude, a defect resulting in a complete miscarriage of justice, or any right to relief on his third claim.

Based on the foregoing, Mr. Johnson isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [filed May 21, 2007] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED:   May 31, 2007

/s/ Robert L. Miller, Jr.

                                    Chief Judge  
                                    United States District Court

cc:    E. Johnson  
       L. Miller Lowery